IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LOUIS THOMAS; FELICIA THOMAS                                           PLAINTIFFS

V.                                              CAUSE NO. 3:16-CV-620-CWR-FKB

GEICO INSURANCE COMPANY;                                               DEFENDANTS
JENNIFER LEMOINE

## ORDER

Before the Court is Jennifer Lemoine's motion to dismiss. Docket No. 11. The matter is fully briefed and ready for adjudication.

## I.      Factual and Procedural History

In 2015, Louis Thomas sustained injuries in a vehicular accident. He filed a claim with GEICO, his automobile insurance company, for uninsured/underinsured benefits including medical payment benefits. When he became dissatisfied with GEICO's settlement offer, he and his wife filed this suit against GEICO alleging breach of contract and bad faith denial of insurance benefits. Their suit also claims that GEICO's adjuster, Jennifer Lemoine, is liable for committing gross negligence in the course of adjusting their claim.

Lemoine now contends that the complaint fails to state a claim against her.

## II.     Legal Standard

When considering a motion to dismiss for failure to state a claim, the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To proceed, the complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (quotation marks and citation omitted). This requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but the complaint need not have "detailed factual

allegations." *Id.* at 678 (quotation marks and citation omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

**III.     Discussion**

Under Mississippi law, an insurance adjuster "has a duty to investigate all relevant information and must make a realistic evaluation of a claim." *Bass v. California Life Ins. Co.,* 581 So. 2d 1087, 1090 (Miss. 1991) (citation omitted). An adjuster "may be held independently liable for its work on a claim if and only if its acts amount to any one of the following familiar types of conduct: gross negligence, malice, or reckless disregard for the rights of the insured." *Gallagher Bassett Servs., Inc. v. Jeffcoat,* 887 So. 2d 777, 784 (Miss. 2004).

Lemoine argues that a mere pocketbook dispute falls short of stating a gross negligence claim. "[A] 'pocketbook dispute' exists when parties are in agreement as to the extent of damage but disagree on the value to be assigned to the damage." *Fonte v. Audubon Ins. Co.*, 8 So. 3d 161, 168 (Miss. 2009), *as modified on denial of reh'g* (May 14, 2009).

Lemoine's supporting cases stand for the proposition that judgment as a matter of law is appropriate when the evidence adduced at the summary judgment stage or at trial reveals the case to be a pocketbook dispute. *E.g.*, *State Farm Mut. Auto. Ins. Co. v. Roberts*, 379 So. 2d 321, 322 (Miss. 1980). That may turn out to be true for the Thomases, but the argument cannot be adjudicated today because we have not yet seen the evidence. The question today is whether the Thomases' *allegations* make out a claim of gross negligence, malice, or reckless disregard.

The Thomases' complaint alleges that Lemoine's adjustment was made "based on her personal experience being married to a National Guard member and that the injuries of Louis

Thomas were not related to his automobile accident." Docket No. 1, at 4. The former is probably not an acceptable standard of adjustment in the insurance industry, and the Thomases plainly think Lemoine's latter assertion was grossly negligent or made with reckless disregard for their rights.[1] That is enough to state a claim under Mississippi law.

Lemoine then goes deeper into the details of the Thomases' claim to argue that her adjustment was reasonable given all the facts. Again, though, those facts are not in the record—we only have the Thomases' allegations. Lemoine can raise her arguments again after all of the facts have been gathered during discovery.

## IV. Conclusion

The motion is denied.

**SO ORDERED**, this the 21st day of December, 2016.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE

---

[1] The argument over Louis Thomas's injuries may not be a pocketbook dispute at all. Mississippi law holds that a dispute over the cause of an injury is a liability dispute, not a pocketbook dispute. *See Fonte*, 8 So. 3d at 168 ("[A] 'pocketbook dispute' exists when parties are in agreement as to the extent of damage but disagree on the value to be assigned to the damage. This is simply not the issue in our case today, because the parties do not agree on the extent of the damage subject to the Fontes' policy. The Fontes maintain that the first floor of their home incurred substantial damage from wind, while Audubon attributes all the first-floor damage to storm surge. This clearly is a liability dispute.").